UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTPACKET RESEARCH, INC., <br> Plaintiff, <br> v. <br> POLYCOM INC., <br> Defendant. | Case No. 19-cv-03918-LHK (VKD) <br><br> **ORDER RE OCTOBER 17, 2019 DISCOVERY DISPUTE LETTER** <br> Re: Dkt. No. 204 |

Plaintiff directPacket Research, Inc. ("directPacket") and defendant Polycom Inc. ("Polycom") ask the Court to resolve two discovery disputes:

1. Whether Polycom should be required to provide directPacket access to Polycom's financial database(s) so that directPacket may discover certain information it contends is relevant to damages.

2. Whether Polycom should be required to amend or supplement its response to directPacket's Interrogatory No. 3 to Polycom.

The Court held a hearing on the matters in dispute on November 5, 2019. Based on the parties' submissions and their presentations at the hearing, the Court resolves these disputes as set forth below.

I. **DAMAGES DISCOVERY**

In aid of its reasonable royalty theory of damages, directPacket seeks information about Polycom's U.S. sales of the products accused of infringing U.S. Patent Nos. 7,710,978, 7,773,588, and 8,560,828, as well as Polycom's U.S. sales of non-accused products and services sold with the accused products. Dkt. No. 204 at 1-3. Specifically, directPacket seeks information concerning

units, downloads, price, revenue, costs, and gross and net profit margin for sales or licenses of the accused products and non-accused (but associated) products and services. The discovery requests on which directPacket relies are its Interrogatories Nos. 4-6 and its Requests for Production Nos. 66-70 to Polycom. *Id.* at 3 n.1. The parties dispute whether Polycom has complied with an earlier order of the Honorable Lawrence R. Leonard of the Eastern District of Virginia, the court from which this case recently was transferred, directing Polycom "to permit Plaintiff, under Defendant's supervision, to access Defendant's financial database to retrieve information regarding sales data of the Accused Products, including derivative or convoyed sales." Dkt. No. 204-1 at 2.

At the hearing on this dispute, Polycom represented that it has produced the following information to directPacket for the time period 2012 through mid-2019:

- transaction level or invoice level detail in its possession for all accused products, whether sold individually, with other products, or in bundles;
- all transactions reflecting renewals for all accused products;
- transaction level or invoice detail in its possession for all non-accused products or services sold with an accused product;
- cost information for all accused products and all non-accused products or services sold with an accused product;
- gross and net profit margin information for all accused products and all non-accused products or services sold with an accused product; and
- all information in its possession reflecting the number of downloads of accused products.

Dkt. No. 209. Polycom says that this information was obtained by querying its financial database, and that it produced the information to directPacket in native format. *Id.* directPacket advises the Court that Polycom provided this information, in this form, late in the day on November 1, 2019, and that directPacket has not had an opportunity to review the information for completeness or for any other purpose. *Id.* However, based on Polycom's representations about the contents of its production, directPacket acknowledges that this production would meet the substance of its damages-related discovery requests, with two exceptions discussed below. *Id.*

2

First, directPacket says that the date of first infringement for some of the accused products is in 2011, and that for those products, directPacket should be permitted to obtain discovery for a period of time earlier than 2012. This issue was not addressed in the parties' joint discovery dispute submission. Accordingly, the parties must confer regarding whether Polycom should provide responsive financial information for an earlier period of time, and if they disagree and cannot resolve their dispute on that point, they may seek the Court's assistance using the discovery dispute resolution procedures.

Second, directPacket says that its concerns about the completeness of the information Polycom has produced can best be addressed by giving directPacket direct access to Polycom's financial database, rather than requiring directPacket to rely on information selected and produced by Polycom from that database. In fact, directPacket contends this is precisely what Judge Leonard already ordered. The Court has reviewed the transcript of the May 31, 2019 hearing before Judge Leonard (Dkt. No. 204-2) as well as Judge Leonard's June 3, 2019 order (Dkt. No. 204-1), and as discussed at the hearing, the Court disagrees with directPacket's interpretation of what that order permitted and required. In any event, given the dispute presently before the Court and Polycom's representations regarding the data that has now been produced to directPacket in native format, it appears that directPacket should now have all of the information it requires to prepare its Patent Local Rule 3-8 damages contentions (with the possible exception of 2011 data). If directPacket needs additional information in order to understand the data Polycom has provided, and if this information cannot be provided informally, directPacket may wish to seek deposition testimony of Polycom as to those matters.

## II. DIRECTPACKET'S INTERROGATORY NO. 3 TO POLYCOM[1]

directPacket's Interrogatory No. 3 asks:

> For each [Accused Product], and each model and/or version of the product to the extent they functionally differ, describe in detail how the product uses, includes, provides or enables the Accused

---

[1] Although the Court is permitting Exhibit C containing Polycom's interrogatory responses to be filed under seal, matters disclosed in this order do not fall within the categories of information that Polycom claims are confidential, and are publicly available on the docket, are discussed only at a very high level, or were discussed in open court.

3

> Functionality, including a description of how any incoming data is received and processed and how any outgoing data is generated and transmitted. Your answer to his Interrogatory should be detailed enough to allow Plaintiff to identify, e.g., the specific source code related to the Accused Functionality and enable inspection of the same by Plaintiffs designee, the specific hardware related to the Accused Functionality and any other specific components of the Accused Products related to the Accused Functionality.

Dkt. No. 205-3 at 18. Judge Leonard ordered Polycom to "provide a narrative description" responsive to this interrogatory. Dkt. No. 204-1 at 2. The parties dispute whether Polycom has complied with this order.

directPacket says that it has received technical documents for all of the accused products, and source code for some, if not all, of the accused products, but that it requires a description of the accused functionality as implemented in those products to guide its analysis of the source code. Dkt. No. 209. For the RPAD and RMX products, Polycom has provided an 11-page description of the operation of those products with respect to the accused functionality, including citations to documentation and source code. Dkt. No. 205-3 at 21-32. However, for the accused VBP product, Polycom states only: "VBP was a product created by third party Edgewater Networks, now Ribbon Communications. As such, Polycom does not have sufficient knowledge to answer this interrogatory with respect to VBP." *Id.* at 30. directPacket argues that Polycom knows at least something about the relevant operation of VBP and should be required to provide a responsive description. Polycom responds that the interrogatory calls for a level of detail that it does not possess about the product because the product was developed and continues to be provided by Edgewater Networks and Polycom no longer employs any personnel with sufficiently detailed knowledge of the product's operation.

Based on discussion at the hearing, the Court concludes that Polycom has some responsive information about how the VBP product operates with respect to the accused functionality, even if that information does not extend to identification of specific source code modules. Accordingly, the Court orders Polycom to supplement its response to Interrogatory No. 3 to include a description, based on the information in Polycom's possession, of how the VBP product uses, includes, provides or enables the accused functionality. As to all accused products, including the VBP product, Polycom also must state whether and how any models or versions of the product

differ in any material way with respect to implementation of the accused functionality. Polycom need not identify or describe immaterial differences. Polycom must serve its supplemental response to Interrogatory No. 3 by **November 19, 2019**.

**IT IS SO ORDERED.**

Dated: November 6, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge