UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTPACKET RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> POLYCOM, INC, <br><br> Defendant. | Case No. 19-CV-03918-LHK <br><br> **ORDER STAYING CASE PENDING INTER PARTES REVIEW** |

On August 19, 2019, Defendant Polycom, Inc. ("Defendant") notified the Court that on June 24, 2019, Polycom timely filed three petitions for inter partes review ("IPR") with the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent and Trademark Office challenging all claims of all of the patents-in-suit as invalid. ECF No. 186. On January 13, 2020, Defendant notified the Court that the PTAB instituted IPR on January 13, 2020 as to all claims of all of the patents-in-suit. ECF No. 226. On January 16, 2020, Plaintiff directPacket Research, Inc. notified the Court that it "does not oppose the Court ordering a stay of this case and all related deadlines pending resolution of the IPR Proceedings by the PTAB." ECF No. 232.

The power to stay proceedings in a case is a matter within the Court's discretion. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am.*

*Water Works & Elec. Co.*, 299 U.S. 248, 254-55 (1936)). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* (citation omitted).

Courts consider three factors when determining whether to grant a stay pending IPR. The first factor is whether the litigation has progressed significantly enough for a stay to be disfavored. *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (granting stay where parties had not exchanged expert reports and court had not held claim construction hearing). Here, the Court has not held a claim construction hearing, and the parties have not filed dispositive motions, both of which demonstrate that the case is still in its early stages. *See* ECF No. 202 (Case Management Order).

The second factor is whether granting a stay could simplify the litigation. *Finjan*, 139 F. Supp. 3d at 1035 (citation omitted). "A stay may also be granted in order to avoid inconsistent results . . . or avoid needless waste of judicial resources." *Evolutionary Intelligence LLC v. Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014). The second factor weighs strongly in favor of a stay, given that IPR could result in invalidation or amendment of all of Plaintiff's claims in the instant case. At the very least, continuing with the instant lawsuit while IPR proceeds risks inconsistent results. *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (noting that courts have stayed lawsuits pending IPR even where IPR was not yet instituted).

Finally, the third factor—whether a stay prejudices Plaintiff or gives Defendant a clear tactical advantage—does not weigh against a stay at this early litigation stage. *Id.* at 1029 (collecting cases for proposition that "delay necessarily inherent in any stay" does not constitute undue prejudice). Moreover, Defendant promptly filed with the Court notices of IPR institution, and there is no evidence of gamesmanship on Defendant's part. ECF No. 226.

Therefore, the Court, in its discretion, hereby STAYS the case until the Court orders otherwise. The parties shall inform the Court within two business days of the PTAB's completion of IPR on the three patents-in-suit. The Clerk shall administratively close the file. This is a purely administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated: January 16, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge