Tami Kameda Sims (SBN 245628)
Tami.sims@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400

Terence P. Ross (Pro Hac Vice)
terence.ross@kattenlaw.com
Sean S. Wooden (Pro Hac Vice)
sean.wooden@kattenlaw.com
Christopher B. Ferenc (Pro Hac Vice)
christopher.ferenc@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, N.W., Suite 200
Washington, D.C. 20007
Telephone: (202) 625-3500
Facsimile: (202) 298-7570

*Attorneys for Plaintiff
directPacket Research, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTPACKET RESEARCH, INC.<br><br>Plaintiff,<br><br>v.<br><br>POLYCOM, LLC,<br><br>Defendant. | Case No. 3:19-cv-03918-JD<br><br>The Honorable James Donato<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 2, 2023<br>Time: 10:00 AM<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato<br><br>Complaint Filed: June 22, 2018<br><br>Trial Date: None set |

**AMENDED JOINT CASE MANAGEMENT STATEMENT**

Plaintiff directPacket Research, Inc. ("directPacket" or "Plaintiff") and Defendant Polycom, Inc. ("Polycom" or "Defendant") (collectively referred to as the "Parties") jointly submit this Amended Joint Case Management Statement & Proposed Order, pursuant to the Standing Order for All Judges of the Northern District of California, dated January 17, 2023, and Civil Local Rule 16-9 in Case No. 3:19-cv-03918-JD. The parties are filing this Amended Statement to correct inadvertent errors in the Statement previously filed on February 23, 2023 (ECF No. 263), including in the parties' proposed case schedule in Appendix A.

## I. JURISDICTION & SERVICE

The Court has subject matter jurisdiction over the Parties' respective claims and counterclaims under 28 USC §§ 1331 and 1338(a). The Parties agree that personal jurisdiction and venue are proper. The Parties have been served with all filings in the case.

## II. FACTS

### A. directPacket's Statement

Plaintiff directPacket filed suit in the U.S. District Court for the Eastern District of Virginia on June 21, 2018, alleging that Polycom infringes at least one or more claims of three patents – U.S. Patent Nos. 7,773,588 (the "'588 patent"); 7,710,978 (the "'978 patent"); and 8,560,828 (the "'828 patent") (together the "Patents-in-Suit"). Each of the Patents-in-Suit claim inventions that are critical to the way videoconferencing is conducted over the Internet and represent significant improvements over prior solutions. (Compl., ¶¶ 15-18, 20, 22). Since at least 2007, directPacket has sold videoconferencing products that practice the inventions claimed in the Patents-in-Suit. (*Id.* at ¶ 23)

directPacket has alleged that several Polycom products are used (by Polycom and/or its customers) in a manner that infringes the Patents-in-Suit, including at least Polycom's Video Border Proxy, RealPresence Access Director, RMX, RealPresence DMA system version 10.0 (together, the "Accused Products").

Unlike typical transferred cases, this case was transferred more than a year after its inception and had progressed significantly since the filing of the Complaint on June 21, 2018. Polycom's first effort to transfer this case pursuant to Section 1404 was denied on

2
**AMENDED JOINT CASE MANAGEMENT STATEMENT**

October 4, 2018. (Dkt. No. 27).[1] Polycom then moved again for a convenience transfer on February 15, 2019 (Dkt. No. 48). That second motion went undecided for five months while the parties completed all initial claim construction procedures including simultaneous opening claim construction briefs by each party, conducted discovery, litigated discovery disputes, and prepared for opening expert reports due in August. The case was well along and more than a year old when the Virginia District Court Judge suddenly granted the motion to transfer for convenience in the middle of claim construction briefing on July 3, 2019. (Dkt. No. 132).

Once transferred, the case progressed through the following deadlines:

| Scheduled Event | Date |
| --- | --- |
| Disclosure of Infringement Contentions | October 7, 2019 |
| Invalidity Contentions | November 1, 2019 |
| Exchange of Proposed Terms for Construction | November 8, 2019 |
| Damages Contentions | November 22, 2019 |
| Joint Claim Construction and Prehearing Statement | December 13, 2019 |
| Further Case Management Conference | December 20, 2019 |
| Responsive Damages Contentions | January 10, 2020 |

On January 13, 2020, the Patent Trial and Appeal Board ("PTAB") granted institution of three inter partes review petitions filed by Defendant Polycom, Inc. regarding each of the Patents-in-Suit – IPR2019-01233; IPR2019-01234; and IPR2019-01235 (collectively, the "IPR Proceedings"). On January 16, 2020, the Court stayed this lawsuit pending a final decision by the PTAB in the IPR Proceedings. (ECF No. 233).

In IPR2019-01233, the PTAB issued a Final Written Decision on Remand holding that Polycom has not shown Claims 1-23 of the '588 patent are unpatentable. In IPR2019-01234, the PTAB issued a Final Written Decision holding that claims 2-5, 15-17, 23-26, 29, and 30 of the '978 patent are unpatentable, and that claims 8, 9, 19, 20, 27, and 28 were not shown unpatentable. Claims 1, 6, 7, 10–14, 18, 21, and 22 of the '978 patent were disclaimed. In IPR2019-01235, the PTAB

---

[1] The Court expressly found that venue was proper in the U.S. District Court for the Eastern District of Virginia. (*Id.* at 5).

3
**AMENDED JOINT CASE MANAGEMENT STATEMENT**

1   issued a Final Written Decision holding that claims 1-23 of the '828 patent are unpatentable. In sum, each and every claim of the '588 Patent and claims 8, 9, 19, 20, 27 and 28 of the '978 patent are valid and enforceable.

On January 6, 2023, the Court lifted the stay in this case. (ECF No. 248). On January 17, 2023, the Court set a Case Management Conference for March 2, 2023.

### B. Polycom's Statement

While Polycom does not agree with any allegations of infringement in directPacket's Statement, it does generally agree with the timeline set forth. And, although claims 8, 9, 19, 20, 27, and 28 of the '978 patent were not shown to be unpatentable in IPR2019-01234, those claims are not asserted in this litigation. Indeed, according to directPacket's October 7, 2019 Supplemental Infringement Contentions, directPacket asserts infringement of claims 1–7, 10–17, 21 and 22 of the '978 patent. *See* ECF No. 217-2 (Confidential Exhibit 1 to Polycom's Motion to Compel). Accordingly, now that the stay has been lifted, the only claims at issue in the litigation are claims 1-4, 6-9, 11-14, 16-21, and 23 of the '588 patent. There are no longer any claims from the '978 patent or the '828 patent at issue.

On December 5, 2019, Polycom filed a Motion to Compel directPacket to Comply with Patent Rule 3-1 and/or to Strike Plaintiff's Infringement Contentions. (ECF No. 217). On December 6, 2019, Judge Koh referred Polycom's motion to Magistrate Judge DeMarchi for disposition. (ECF No. 219). On December 19, 2019, directPacket filed its opposition to Polycom's motion together with a supporting declaration. (ECF Nos. 221 and 222). The Court set a hearing on Polycom's motion for January 14, 2020. (ECF No. 220). Magistrate Judge DeMarchi held the hearing and granted Polycom's "motion to compel amended infringement contentions … for the reasons stated on the record." (ECF Nos. 234 (hearing transcript) and 227 (order)). directPacket was ordered to serve amended infringement contentions by January 28, 2020 and further narrow the number of asserted claims. (ECF Nos. 234 (hearing transcript generally at pgs. 40–43) and 227 (order)). The Court stayed the litigation on January 16, 2020 before directPacket was required to serve its amended infringement contentions or reduce the number of asserted claims. Accordingly, directPacket is required to comply with the Court's order (ECF No. 227).

## III. LEGAL ISSUES

The principal disputed legal issues are:

Whether Polycom infringes the asserted claims of the '588 patent under 35 U.S.C. § 271;

Whether the asserted claims of the '588 patent are invalid under 35 U.S.C. §§ 101, 102, 103 or 112;

The proper construction of disputed terms in the asserted claims of the '588 patent;

The damages directPacket is entitled to, if any, and whether such damages are limited by 35 U.S.C. §§ 286 and 287 and, if so, to what extent;

A determination on whether Polycom willfully infringed and/or continues to willfully infringe the asserted claims of the '588 patent;

Whether directPacket is entitled to a permanent injunction;

Whether directPacket is entitled to, and the extent of any, enhanced damages under 35 USC § 284;

Whether directPacket's claims of patent infringement are barred by estoppel, waiver, ratification, acquiescence, consent, and/or unclean hands;

Whether directPacket's claims are barred, in whole or in part, by 28 U.S.C. § 1498;

Whether directPacket is entitled to a finding that this case is exceptional under 35 USC § 284;

Whether any of the Parties are entitled to, and the extent of any appropriate relief under 35 USC § 285;

Whether any of the Parties are entitled to and the extent of other costs and expenses;

The Parties reserve the right to raise additional factual and legal issues that may arise throughout the course of this action.

## IV. MOTIONS

On February 6, 2023, Polycom filed a Motion for Judgement on the Pleadings of Patent-Ineligibility pursuant to Rule 12(c) of the Federal Rules of Civil Procedure arguing that the claims of the '588 patent are invalid. The parties are currently briefing that motion. (ECF No. 257).

On December 5, 2019, Polycom filed a Motion to Compel directPacket to Comply with Patent Rule 3-1 and/or to Strike Plaintiff's Infringement Contentions, which was fully briefed and heard

1  by Magistrate Judge DeMarchi on January 14, 2020. (ECF Nos. 217 and 234 (hearing transcript).) Magistrate Judge DeMarchi granted Polycom's "motion to compel amended infringement contentions … for the reasons stated on the record." (ECF Nos. 234 (hearing transcript) and 227 (order)). directPacket was ordered to serve amended infringement contentions by January 28, 2020 and further narrow the number of asserted claims, which was not yet completed when the case was stayed. (ECF Nos. 234 (hearing transcript generally at pgs. 40–43) and 227 (order)).

## V.  AMENDMENTS OF PLEADINGS

directPacket filed its Complaint on June 21, 2018. (Dkt. No. 1). Polycom filed its Answer and Counterclaims on October 17, 2018. (Dkt. No. 28). directPacket filed its Answer to Polycom's Counterclaims on October 26, 2018 (Dkt. No. 29). The Parties are not currently aware of any additional parties, claims, or defenses expected to be added to this matter.

## VI. EVIDENCE PRESERVATION

The Parties have taken steps to preserve evidence relevant to these cases. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the Checklist for ESI Meet and Confer, and the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f).

## VII.  DISCLOSURES

The Parties exchanged initial disclosures on January 24, 2019.

## VIII.  DISCOVERY

### A.  Completed Discovery

The Parties exchanged initial written discovery requests – Requests for Production and Interrogatories in early January 2019. The Parties responded to those requests as follows: (i) producing and reviewing documents and Source Code; (ii) responding to interrogatories (including exchanging responses to infringement and invalidity contention interrogatories); (iii) briefing and arguing discovery motions; (iv) obtaining third-party discovery (including source code); and (v) exchanging correspondence identifying discovery deficiencies and conducting meet and confers regarding those deficiencies.

Pursuant to the schedule entered prior to the stay, the parties have completed claim construction discovery and will be prepared to file claim construction briefs on the remaining terms needing construction.

### B. Discovery to Be Completed

Prior to the stay, certain discovery tasks were not completed. For example, the Parties had not begun the following discovery tasks: email discovery; expert discovery; and depositions of party and third-party witnesses. In addition, all prior discovery will need to be supplemented and/or otherwise updated (*e.g.*, damages figures, etc.).

### C. Protective Order and ESI

The Parties have agreed to the Protective Order and ESI Order (ECF Nos. 73 and 74) which were adopted by the Court. (ECF No. 202).

Polycom believes Judge Donato's Standing Order for E-Discovery and Email Discovery in Patent Cases, which limits email production requests to a total of five custodian and five search terms per custodian, should be adopted.

### D. Limits to Discovery Requests and Depositions

At this time, the Parties do not anticipate a need to limit or modify the limits set by the Federal Rules of Civil Procedure.

## IX. CLASS ACTIONS (NOT APPLICABLE)

## X. RELATED CASES

There are no pending related cases.

## XI. RELIEF

### A. directPacket's Statement

directPacket seeks entry of judgment finding that Polycom infringes the asserted claims of the '588 patent, both directly and indirectly. directPacket seeks monetary damages, including damages based an amount no less than a reasonable royalty, and enhanced damages based upon directPacket's allegations of willful infringement. directPacket further seeks a judgment that this case is exceptional and an award of directPacket's costs and reasonable attorneys' fees. directPacket seeks other relief available under applicable law.

### B. Polycom's Statement

Polycom seeks entry of judgment denying all relief requested by directPacket, dismissal of all directPacket's claims against Polycom with prejudice, and an order that directPacket take nothing from Polycom; entry of judgment in Polycom's favor on Polycom's counterclaims; entry of judgment that Polycom has not infringed and is not currently infringing, either directly, indirectly, literally, under the doctrine of equivalents, contributorily or through inducement, any valid and enforceable claims of the '588 patent; entry of judgment that the asserted claims of the '588 patent are invalid, void, unenforceable and/or without any force or effect against Polycom; judgment that directPacket is not entitled to injunctive relief; a finding that this case is exceptional and award reasonable attorneys' fees, costs, expenses, and prejudgment interest to Polycom under 35 U.S.C. § 285 or any other statutory and legal bases; and an award to Polycom any further general or special relief to which Polycom is entitled and/or the Court deems just and equitable.

## XII. SETTLEMENT AND ADR

As required by ADR L.R. 3-5, the Parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. On March 27, 2019, the Parties participated in a Settlement Conference with Magistrate Judge Robert J. Krask of the United States District Court for the Eastern District of Virginia. No settlement was reached at that conference.

directPacket believes that further settlement discussions or participation in private mediation would not be productive at this time. As an alternative, directPacket suggests that the Parties exchange updated settlement positions after the court enters a claim construction order in this case to determine whether a second Settlement Conference or mediation would be productive.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On July 25, 2019, Polycom filed a declination to proceed before a United States Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

The Parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Other than directPacket's compliance with the Court's January 14, 2020 Order (ECF No. 227), the Parties have not at this time identified other issues that can be narrowed by motion or stipulation, although the Parties do anticipate filing dispositive motions seeking to narrow the issues for trial. The Parties may also be able to narrow certain issues via stipulated facts once discovery has progressed.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

## XVII. SCHEDULING

The parties' proposed schedule is provided in Appendix A.

## XVIII. TRIAL

The Parties request trial by jury and anticipate the trial will require approximately 5 court days. These estimates may change depending on the actual claims and defenses presented at trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

directPacket filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. directPacket certifies that other than the two individuals and one entity named in its certification, there are no further entities or persons to report under Civil L.R. 3-15.

On January 20, 2023, Polycom filed an Amended Certificate of Interested Entities or Persons as required by Local Rule 3-15. (ECF No. 254.) Polycom certifies that it has no further entities to report under Civil L.R. 3-15.

## XX. PROFESSIONAL CONDUCT

The Parties have confirmed that all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

### A. Proposed Modifications to the Patent Local Rules

The Parties propose the deadlines set forth in the attached proposed case schedule (Appendix A).

### B. Scope and Timing of Claim Construction Discovery

The Parties' proposals regarding the scope and timing of claim construction discovery are set forth in Appendix A, respectively.

### C. Format of the Claim Construction Hearing

The Parties propose a two-hour Claim Construction Hearing. Subject to the Court's preference, the Parties propose that they present arguments on a term-by-term basis following an order of claim terms negotiated by the Parties prior to the claim construction hearing. The Parties believe that live testimony is not necessary.

### D. Technology Tutorial

The parties request that they be permitted to present a technology tutorial to the Court.

### E. Non-Binding, Good-Faith Estimate of Damages Range

Based on the limited discovery available, directPacket estimates the amount in controversy in this action will be in excess of $100,000,000.00.

Polycom does not believe it owes directPacket any damages. In the event liability is found, Polycom does not believe directPacket's estimate is a good faith estimate. Polycom believes a reasonable royalty would be the most appropriate measure of damages, where that royalty is appropriately apportioned to the specific features claimed in the Asserted Patents.

| | | |
|---|---|---|
| 1 | Dated:   March 1, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | |  /s/    Tami Kameda Sims |
| 4 | | Tami Kameda Sims (SBN 245628)<br>tami.sims@katten.com |
| 5 | | KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067-3012 |
| 6 | | Telephone: (310) 788-4400 |
| 7 | | Terence P. Ross (*Pro Hac Vice*)<br>terence.ross@kattenlaw.com |
| 8 | | Sean S. Wooden (*Pro Hac Vice*)<br>sean.wooden@kattenlaw.com |
| 9 | | Christopher B. Ferenc (*Pro Hac Vice*)<br>christopher.ferenc@kattenlaw.com |
| 10 | | KATTEN MUCHIN ROSENMAN LLP<br>2900 K Street, N.W., Suite 200 |
| 11 | | Washington, D.C. 20007<br>Telephone: (202) 625-3500 |
| 12 | | Facsimile: (202) 298-7570 |
| 13 | | |
| 14 | | *Attorney for Plaintiff*<br>*directPacket Research, Inc.* |
| 15 | Dated:   March 1, 2023 | Respectfully submitted, |
| 16 | | |
| 17 | |  /s/ Eimeric Reig-Plessis |
| 18 | | Kelly C. Hunsaker (SBN: 168307)<br>KHunsaker@winston.com |
| 19 | | Eimeric Reig-Plessis (SBN: 321273)<br>EReigPlessis@winston.com |
| 20 | | WINSTON & STRAWN LLP<br>255 Shoreline Drive, Suite 520 |
| 21 | | Redwood City, CA  94065<br>Telephone: (650) 858-6500 |
| 22 | | Facsimile: (650) 858-6550 |
| 23 | | Samantha M. Lerner (admitted *pro hac vice*)<br>SLerner@winston.com |
| 24 | | WINSTON & STRAWN LLP<br>35 W. Wacker Drive |
| 25 | | Chicago, IL 60601<br>Telephone: (312) 558-5600 |
| 26 | | Facsimile: (312) 558-5700 |
| 27 | | David P. Dalke (SBN: 218161)<br>DDalke@winston.com |
| 28 | | WINSTON & STRAWN LLP<br>333 S. Grand Avenue |

Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

*Attorneys for Defendant Polycom, LLC*

**AMENDED JOINT CASE MANAGEMENT STATEMENT**

## Appendix A

### Parties' Proposed Schedule

| Scheduled Event | Date |
| --- | --- |
| directPacket serves Amended Supplemental Infringement Contentions per ECF Nos. 227 and 234 | June 20, 2023 |
| directPacket identifies asserted claims of the '588 patent per ECF Nos. 227 and 234 | June 20, 2023 |
| Fact Discovery Commences | June 20, 2023 |
| Opening Claim Construction Brief | July 21, 2023 |
| Responsive Claim Construction Brief | August 4, 2023 |
| Reply Claim Construction Brief | August 11, 2023 |
| Claim Construction Hearing | At the Court's earliest convenience after the close of briefing |
| Deadline to Disclose Reliance on Advice of Counsel and Production of Opinion | 30 days after claim construction order per Patent L.R. 3-7 |
| Close of Fact Discovery | March 5, 2024 |
| Opening Expert Reports | May 17, 2024 |
| Rebuttal Expert Reports | June 21, 2024 |
| Close of Expert Discovery | July 26, 2024 |
| Last Day to File Dispositive Motions and Daubert Motions | August 16, 2024 |
| Hearing on Dispositive Motions and Daubert Motions | October 3, 2024 (or at the Court's convenience) |
| Final Pretrial Conference | At the Court's convenience |
| Jury Trial | At the Court's convenience |
| Length of Trial | 5 days |